UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODERICK WILLIAM LEAR,

    Plaintiff,

v.

D. AVILA, et al.,

    Defendants.

No. 2:17-cv-0326-JAM-EFB P

ORDER

Plaintiff, a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983, moves for reconsideration of the court's September 1, 2017 order denying his request for injunctive relief.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J v. AC and S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal., Local Rule 230(j)(3)-(4).

This action proceeds on plaintiff's claims that defendants Avila and Christensen were

deliberately indifferent to plaintiff's mobility impairment in violation of the Eighth Amendment. ECF No. 19 at 2. On September 1, 2017, the court denied plaintiff's request for injunctive relief because: (1) plaintiff failed to produce evidence establishing a likelihood of success in this action, or a threat of immediate, irreparable harm; (2) plaintiff's requested relief exceeded the scope of plaintiff's claims in this action, and was therefore not necessary to preserve the court's ability to grant effective relief on plaintiff's claims; and (3) plaintiff failed to produce evidence establishing that the balance of equities tipped in his favor or that the requested injunctive relief was in the public interest. ECF No. 19 at 4.

In his motion for reconsideration, plaintiff complains that non-defendant prison officials are conspiring to have other inmates attack him in retaliation for filing lawsuits and administrative appeals. ECF No. 25. The motion neither satisfies the standards governing motions for reconsideration, nor the requirements for granting injunctive relief. Generally, such unrelated allegations must be pursued through the prison administrative process and then litigated in a separate action. See McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam) and Rhodes v. Robinson, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that claims must be exhausted prior to the filing of the original or supplemental complaint); Jones v. Felker, No. CIV S-08-0096 KJM EFB P, 2011 U.S. Dist. LEXIS 13730, at *11-15 (E.D. Cal. Feb. 11, 2011).

Accordingly, it is HEREBY ORDERED that plaintiff's motion for reconsideration of the court's September 1, 2017, order denying his request for injunctive relief (ECF No. 25) is DENIED.

DATED: 12/19/2017

/s/ John A. Mendez
UNITED STATES DISTRICT COURT JUDGE