UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WILLIAM LEAR,<br><br>Plaintiff,<br><br>v.<br><br>D. AVILA, et al.,<br><br>Defendants. | No. 2:17-cv-0326-JAM-EFB P<br><br>ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915A AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. Upon screening his original complaint, the court found that plaintiff had stated potentially cognizable Eighth Amendment claims against defendants Avila and Christensen for being deliberately indifferent to plaintiff's mobility impairment. ECF No. 19. On December 4, 2017, defendants filed an answer and a motion to strike portions of the complaint. ECF Nos. 29, 30. Then, on December 26, 2017, plaintiff amended his complaint "as a matter of course" pursuant to Rule 15 of the Federal Rules of Civil Procedure, thereby mooting defendants' motion to strike.[1] *See* Fed. R. Civ. P. 15(a)(1)(B); ECF No. 33. The court must now screen plaintiff's amended complaint and also address plaintiff's pending requests for the appointment of counsel and for a temporary restraining order and preliminary injunction. ECF Nos. 35, 38.

---

[1] Days before, plaintiff requested an extension of time to file an amended complaint. That request (ECF No. 37) is also moot.

1

**I. Screening**

    **A. Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

**B. Analysis**

Pursuant to § 1915A, the court has reviewed plaintiff's amended complaint (ECF No. 38) and finds that it must be dismissed with leave to amend because it does not comply with Rule 8.

Plaintiff's claims, as alleged in the prolix twenty-six-page handwritten complaint, are difficult to distill. They are not organized according to the structure of the court's form complaint for use by prisoners in civil rights actions. Instead of listing each claim and briefly stating the facts that support each claim, plaintiff has provided a needlessly detailed description of events. In a separate section labelled "summary of claims," plaintiff has listed approximately fifteen "claims" (i.e., "supervisor liability," "violated clearly established law"), without linking the claims to supporting facts, a particular defendant, or a resulting injury. To further complicate matters, plaintiff has listed nineteen defendants, but has failed to refer to them as such in the body of his complaint. Because the complaint refers to additional individuals who are not included among the listed nineteen defendants, there are simply too many characters to keep track of. Rule 8 requires the pleader to set forth his averments in a simple, concise, and direct manner. Plaintiff has not done so in his complaint. Plaintiff's cramped handwriting, coupled with the poor quality of the copy of the complaint, exacerbate these deficiencies.

Plaintiff also appears to include numerous claims that could not properly be joined in this action with his Eighth Amendment claims against defendants Avila and Christensen. For example, he complains of excessive force, sexual assault, retaliation, and other instances of deliberate indifference to medical needs. These claims may implicate separate defendants and be insufficiently related to the Eighth Amendment claims against defendants Avila and Christensen. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[u]nrelated claims against different defendants belong in different suits . . . .").

Plaintiff has submitted a complaint so convoluted that the court cannot reasonably discharge its screening responsibility under § 1915A. Plaintiff must therefore file an amended complaint that complies with the pleading requirements set forth in Rule 8. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (encouraging "firm

application" of federal rules in prisoner cases); *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming Rule 8 dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant" and providing an example of a properly pleaded claim, which could be "read in seconds and answered in minutes").

**C. Leave to Amend**

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff may choose to file an amended complaint that complies with the Federal Rules of Civil Procedure and states a cognizable claim.

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George*, 507 F.3d at 607. Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his

4

amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

**II. Request for Appointment of Counsel**

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

**III. Motion for Preliminary Injunction**

Plaintiff also seeks injunctive relief. However, he fails to meet the minimum threshold for merit to satisfy the standard for a preliminary injunction.[2] At an irreducible minimum, he must demonstrate that there is at least a fair chance of success on the merits. *Johnson v. California State Board of Accountancy*, 72 F.3d 1427, 1430, 1433 (9th Cir. 1995); *Sports Form, Inc. v. United Press International*, 686 F.2d 750, 753 (9th Cir. 1982). As discussed above, his complaint

---

[2] A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir.1964). The moving party must prove that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.2009) (citing *Winter v. Natural Res. Def. Council, Inc*., ––– U.S. –––––, 129 S.Ct. 365, 375–76, 172 L.Ed.2d 249 (2008)).

must be dismissed and at present he has shown no likelihood of success on the merits of any claim. Accordingly, plaintiff's motion for injunctive relief must be denied.

## IV. Conclusion

Accordingly, IT IS ORDERED that:

1. The amended complaint (ECF No. 38) is dismissed with leave to amend within 30 days. Failure to comply with this order may result in dismissal of this action.
2. Plaintiff's motion for an extension of time to file an amended complaint (ECF No. 37) is denied as moot.
3. Plaintiff's motion to appoint counsel (ECF No. 38) is denied.
4. The Clerk is directed to send plaintiff a copy of the prisoner civil rights complaint used by this court.

Further, IT IS RECOMMENDED that:

1. Defendants Avila and Christensen's motion to strike (ECF No. 30) be denied as moot; and
2. Plaintiff's motion for a preliminary injunction (ECF No. 35) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 17, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE