UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODERICK WILLIAM LEAR,

    Plaintiff,

v.

D. AVILA, et al.,

    Defendants.

No. 2:17-cv-326-JAM-EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. The court previously found that plaintiff's initial complaint, ECF No. 1, stated a cognizable claim for Eighth Amendment deliberate indifference to medical needs against defendants Avila and Christensen and found service appropriate for those defendants. ECF No. 19.

Plaintiff subsequently filed his first amended complaint, ECF No. 38, which the court screened and determined that it failed to comply with Federal Rule of Civil Procedure 8. ECF No. 44. Specifically, the court determined that: (1) the complaint's length and poor organization rendered it difficult to identify specific claims; and (2) the complaint included multiple claims that could not be properly joined in a single action. *Id.* at 3. Plaintiff was given leave to amend in order to remedy these deficiencies. *Id.* at 4.

Plaintiff filed a second amended complaint (ECF No. 49) which the court now must screen.

1

Screening

I. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II. Analysis

Like its immediate predecessor, the second amended complaint is lengthy, poorly organized and, most critically, contains multiple, unrelated claims against more than one defendant. Construed liberally, plaintiff alleges one claim for medical deliberate indifference

against defendants Avila, Christensen, Gideon, Greenleaf, and Ramos based on their failure to ensure that facilities at High Desert State Prison could accommodate plaintiff's mobility issues and by discounting the seriousness of his medical issues. ECF No. 49 at 5-12. This claim recounts numerous incidents of purportedly inadequate medical attention occurring over two years - June 2016 to June 2018. *Id.* These incidents are factually disparate and thus, even if the complaint raised no other claims, it would be inappropriate to litigate these assorted incidents in a single case.

In his second claim, plaintiff alleges that defendant Bryers failed to protect him from attacks by other inmates and, indeed, conspired with other, unnamed officers to have plaintiff attacked. *Id.* at 14-15. Plaintiff alleges that Bryers' actions were undertaken in retaliation for plaintiff's filing of prison grievance appeals and the immediate law suit. *Id.* at 14.

Third, plaintiff claims that defendant Meraz used excessive force against him on June 30, 2017 by unnecessarily throwing him to the ground. *Id.* at 16.

Fourth, plaintiff alleges that defendants Ramos, Silkwood, Miranda, Ramos, Gideon, Greenleaf, and Pickett violated his rights under the Americans with Disabilities Act by failing to address the lack of disability accommodations at High Desert State Prison. *Id.* at 17-20.

As noted *supra*, plaintiff was warned that he could not proceed with multiple, factually distinct claims against multiple defendants in contravention of Federal Rule of Civil Procedure 18. *See* Fed. R. Civ. P. 18(a); *see also George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007) (holding that "unrelated claims against different defendants belong in different suits. . . ."). This action simply cannot proceed with the various claims impermissibly joined in the complaint.

<u>Leave to Amend</u>

The court will afford plaintiff a final chance to amend. Any amended complaint must comply with Federal Rule of Civil Procedure 18(a). That is, it must not contain multiple,

/////

/////

/////

/////

3

unrelated claims against more than one defendant. Plaintiff may pick one[1] of the foregoing claims and bring the others in separate suits.

Plaintiff is also cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." See 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names

---

[1] Plaintiff is the master of his complaint and the manner in which he prioritizes these claims is known only to him. Thus, the court will not arbitrarily select one of the four to proceed. The other unrelated claims must proceed in separate actions.

actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's second amended complaint (ECF No. 49) is dismissed with leave to amend within 30 days of service of this order; and

2. Failure to comply with any part of this this order may result in dismissal of this action.

DATED:  May 22, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE